**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID GLENN FOWLER,

                Plaintiff,

vs.                              CASE NO. 2:12-CV-15466
                              HONORABLE VICTORIA A. ROBERTS
                              UNITED STATES DISTRICT JUDGE

WAYNE COUNTY PROSECUTOR,
et. al.;

                Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Plaintiff is an inmate currently confined at the Wayne County Jail in Detroit,

Michigan.  On December 19, 2012, Magistrate Judge R. Steven Whalen signed an order

of deficiency, which required Plaintiff to either pay the $ 350.00 filing fee in full or in the

alternative, to provide an application to proceed without prepayment of fees and costs and

an authorization to withdraw from the trust fund account, a current certification/business

manager's account and a statement of trust fund account, or the institutional equivalent,

for the six-month period that preceded the filing of the complaint.  Magistrate Judge

Whalen also signed a second deficiency order requiring Plaintiff to provide eight

additional copies of the complaint in order to properly effect service upon the defendants.

Plaintiff was given thirty days to comply with the orders.

      On January 13, 2013, Plaintiff filed a motion requesting an extension of time to

1

obtain the documentation and the copies of the complaint necessary to correct the deficiencies.  On January 15, 2013, this Court granted Plaintiff a thirty day extension to correct the deficiencies.

On February 14, 2013, Plaintiff provided this Court with a copy of the application to proceed without prepayment of fees and a current computerized trust fund account from the Wayne County Jail.  Plaintiff also provided the Court with copies of the complaint for service upon the defendants.  Plaintiff, however, failed to submit a signed certification regarding his jail trust fund account with these documents.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be

2

dismissed for want of prosecution. *Id.*

In the present case, Plaintiff has failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

Because Plaintiff has failed to comply with the deficiency order, the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  February 28, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and David Glenn Fowler by electronic means or U.S. Mail on February 28, 2013. |
| S/Carol A. Pinegar |
| Deputy Clerk |

3