UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GLENN FOWLER,

        Plaintiff,

vs.                                  CASE NO. 2:12-CV-15466
                                        HONORABLE VICTORIA A. ROBERTS
                                        UNITED STATES DISTRICT JUDGE

WAYNE COUNTY PROSECUTOR,
et. al.;

        Defendant,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL AND DENYING PLAINTIFF PERMISSION TO FILE MEMORANDA IN SUPPORT OF HIS COMPLAINT**

On February 28, 2013, this Court summarily dismissed Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983, because Plaintiff failed to correct the filing fee deficiency (he did not submit a signed certification regarding his jail trust fund account when he submitted his application to proceed *in forma pauperis* and his computerized trust fund account from the county jail).

Plaintiff has now filed a motion for the appointment of counsel and has also submitted three memoranda of law in support of his original complaint. For the reasons that follow, the Court denies the motion for the appointment of counsel as well as permission to file additional pleadings in support of his complaint.

**I.**        **APPOINTMENT OF COUNSEL**

Although there is a fundamental constitutional right to counsel in criminal cases, there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995). Plaintiff also does not have a statutory right to the appointment of counsel in a federal civil rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996). Moreover, this Court has already dismissed Plaintiff's civil rights complaint based upon his failure to adequately correct the filing fee deficiency.

## II. ADDITIONAL FILINGS

This Court dismissed Plaintiff's complaint because he failed to comply with the deficiency order and adequately correct the filing fee deficiency in this case.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner then has thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district

court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff's complaint was dismissed because of the deficiencies described. Plaintiff has still failed to correct them. This Court is without power to reinstate this case to the Court's active docket. Accordingly, the Court denies Plaintiff permission to file additional memoranda of law in support of his now dismissed complaint.

### III. CONCLUSION

Accordingly,[Dkt. # 11] is **DENIED.**

The Court **DENIES**:

(1)   Motion for the Appointment of Counsel (Doc. #11);

(2)   Permission to file the Brief or Memorandum of Law Bodily Privacy (Doc. #10);

(3)   Brief/Memorandum of Law in Support of Deprivation of Sixth Amendment Right to Counsel in the Critical Stage (Doc. #12); and,

(4)   Brief/ Memorandum of Law in Support of His Complaint Against Health Care Provider and Nurse (Doc. #13).

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 21, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and David Glenn Fowler by electronic means or U.S. Mail on March 21, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |