UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GLENN FOWLER,

       Plaintiff,

vs.                              CASE NO. 2:12-CV-15466
                                   HONORABLE VICTORIA A. ROBERTS
                                   UNITED STATES DISTRICT JUDGE

WAYNE COUNTY PROSECUTOR,
et. al.;

       Defendant,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

On February 28, 2013, this Court summarily dismissed Plaintiff's civil rights complaint that had been filed pursuant to 42 U.S.C. § 1983, because Plaintiff had failed to correct the filing fee deficiency; he did not submit a signed certification regarding his jail trust fund account when he submitted his application to proceed *in forma pauperis* and his computerized trust fund account from the county jail.

Plaintiff has now filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d

1

908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.*

In his motion for reconsideration, Plaintiff claims that he turned over a copy of the trust fund account statement on January 4, 2013 to a social worker at the Wayne County Jail named Ms. Foster, who informed Plaintiff that she in turn gave it to the Inmate Property Division of the Wayne County Jail. Plaintiff claims that either Ms. Foster or the Inmate Property Division of the Wayne County Jail lost his trust fund account statement and the certification form.

Plaintiff did attach to the Application to Proceed Without Prepayment of Fees or Costs which he previously filed with this Court, a grievance that he filed on January 26, 2013 with the Wayne County Jail. In this grievance Plaintiff requests a printout of his inmate account for the last six months, which jail officials provided for him and which he submitted with his Application to Proceed Without Prepayment of Fees or Costs. Nowhere in the grievance does he mention turning over a copy of the trust fund account statement certification form to Ms. Foster or to anyone else at the Wayne County Jail, nor has Plaintiff provided any other evidence to this Court that he submitted this form to jail personnel.

Plaintiff's conclusory and unsupported allegations that Wayne County Jail officials failed to provide him a with a signed trust fund account statement or lost this statement,

are insufficient to excuse his non-compliance with the PLRA's filing requirements, particularly in light of the fact that Wayne County Jail personnel provided Plaintiff with a current computerized trust fund account from the Wayne County Jail and permitted him to make copies of the complaint for service upon the defendants.   This calls into question Plaintiff's allegation that jail officials refused to cooperate with his request for the production of the requested information. *See e.g. Montana v. Hargett,* 212 Fed.Appx. 770, 772-73 (10th Cir. 2007).  Because Plaintiff provided no evidence in support of his claim that Wayne County Jail officials refused to provide him with the requested documentation or lost it in the process, he will not be excused from non-compliance with the PLRA's filing requirements. *See Richards v. Servitto,* No. 2:11–CV–11227; 2011 WL 1842888, * 1 (E.D. Mich. May 16, 2011).

The Court **DENIES** the Motion for Reconsideration [Dkt. # 14].

**IT IS ORDERED.**

        /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 21, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and David Glenn Fowler by electronic means or U.S. Mail on March 21, 2013.

s/Linda Vertriest
Deputy Clerk